IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JONATHAN WILLIAMS, #279734, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:11-CV-1017-TMH |
| | ) [WO] |
| | ) |
| DOUGLAS ALBERT VALESKA, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Jonathan Williams [Williams"], a convicted sex offender presently confined at the Houston County Jail, against Douglas Albert Valeska, the district attorney for Houston County, Alabama, Banks T. Smith, an assistant district attorney, Rebecca Benson, a probation officer, and James Brazier, an investigator with the Houston County Sheriff's Department.[1] In his complaint, Williams challenges the constitutionality of the Alabama Community Notification Act, *Ala. Code* 1975 § 15-20-20 et seq. ["the ACNA"], and the revocation of probation by the Circuit Court of Houston County, Alabama on August 17, 2011 due to his violation of the ACNA. *Plaintiff's Complaint - Court Doc. No. 1* at 3-5. Specifically, Williams asserts

---

[1] The complaint, as amended, establishes Williams was convicted for two counts of second degree sodomy on March 23, 2011 by the Circuit Court of Houston County. Williams identifies his biological son as the victim of these sexual assaults.

the provisions of the ACNA are violative of his constitutional rights to due process and equal protection because these provisions deny him the ability "to maintain certain familial relationships ...." *Id*. at 5. Williams argues utilization of the provisions of the ACNA by the defendants as the basis for revocation of his probation subjected him to unconstitutional punishment *Id*. at 5. He seeks a declaratory judgment, injunctive relief barring application of the ACNA to him and monetary damages.

Upon review of the allegations contained in the complaint, the court concludes that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

## II.  DISCUSSION

The complaint, in pertinent part, contains the following allegations:

> Plaintiff claim Defendant(s) did, individually and collectively, violate his substantive due process rights as well as his equal protection rights under [the Fourteenth Amendment] pursuant to their ... illegal effort(s) to enhance their "<u>Political Animus Motivation(s)</u>" by arbitrarily, maliciously, selectively, vindictively, and illegally ... imposed punishment upon Plaintiff by "<u>over-reaching</u>" pursuant to § 15-20-26's ... criminal provisions thereby persecuting Plaintiff and Plaintiff's family.... Plaintiff complains stands effectuated by and through a "[c]ollective conspiracy" [birthed] pursuant to all defendants' illegal actions of a combined efffort[] (emphasis added).
> This civil rights complaint filed by Plaintiff [s]tems pursuant to a conviction adjudged against the plaintiff, to wit, pursuant to a plea agreement

---

[2] The court granted Williams leave to proceed *in forma pauperis* in this cause of action. *Court Doc. No. 4*. A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

> with the State of Alabama, whereas, the Plaintiff was convicted of second degree sodomy in which the Plaintiff's biological son stands the victim. In this respect, the Plaintiff is subject to the residency [and contact] requirements embedded in the State of Alabama Community Notification Act [which prevent him from establishing a residence within 1000 feet of or coming within 100 feet of his victim, his biological son]....
> \*\*\*
> Here, the Plaintiff contends that the Defendants have and continue to collectively conspire to use the provisions of the CNA to illegally punish and deprive Plaintiff's substantive due process right to enter into and maintain certain familial relationships....

*Plaintiff's Complaint - Court Doc. No. 1* at 2-3,5.

The claims raised in the complaint, by their very nature, go to the fundamental legality of the revocation of Williams' probation and his incarceration based on this revocation as a favorable ruling on the instant claims would adversely impact the trial court's decision regarding revocation. Consequently, these claims provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. The Court emphasized that "habeas corpus is the exclusive remedy for a

... prisoner who challenges" the basis for his confinement "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983.  512 U.S. at 481.  In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory relief and money damages, ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983...." unless the prisoner can demonstrate that the challenged action has previously been invalidated.  520 U.S. at 648.  Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645.  The Court reiterated the position previously advanced in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a term of incarceration is a petition for writ of habeas corpus. *Id*.  Additionally, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649; *see also Castro v. United States*, 540 U.S. 375, 382 (2003) (disfavoring a court's *sua sponte* re-characterization of an action as one seeking post-conviction collateral relief under 28 U.S.C. § 2255).

The claims presented by Williams challenge the constitutionality of his confinement

based on the sentence imposed by the Circuit Court of Houston County, Alabama upon the revocation of his probation. Specifically, a judgment in favor of Williams on his claims would necessarily imply the invalidity of this incarceration. It is clear from the records of this court that the probation revocation about which the plaintiff complains has not been invalidated in an appropriate proceeding. Consequently, the instant case, which by virtue of the claims raised constitutes a collateral attack on the revocation of Williams' probation by the Circuit Court of Houston County, Alabama and the constitutionality of his resulting incarceration, is clearly prohibited by federal law and subject to summary dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii). *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. at 488-490.[3]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that **on or before February 27, 2012**, the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the

---

[3] The plaintiff is advised that any claims relative to actions which resulted in the revocation of probation by the Circuit Court of Houston County may be presented to this court in a 28 U.S.C. § 2254 petition for habeas corpus relief. However, prior to filing a federal habeas petition, the plaintiff must properly exhaust his available state court remedies. 28 U.S.C. § 2254(b)(1)(A) ("[A] person in custody pursuant to the judgment of a State court shall not be granted unless it appears that - the applicant has exhausted the remedies available in the courts of the [convicting] State ...").

Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues addressed in the Recommendation and shall bar the party from attacking on appeal the factual findings contained in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 13th day of February, 2012.

                              /s/Charles S. Coody
                              CHARLES S. COODY
                              UNITED STATES MAGISTRATE JUDGE